O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WEIR, | NO. CV 07-1197-E |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| LINDA S. McMAHON, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**PROCEEDINGS**

Plaintiff filed a Complaint on March 5, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 6, 2007.

Plaintiff filed a motion for summary judgment on September 10, 2007. Defendant filed a cross-motion for summary judgment on October 3, 2007. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 7, 2007.

///

**BACKGROUND**

Plaintiff, a former fitness trainer, accountant and direct mail advertiser, asserted disability based on alleged physical and mental impairments (Administrative Record ("A.R.") 143-47, 151, 167). Following a previous remand, the Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert, and a vocational expert (A.R. 753-61, 854-902).

The ALJ found Plaintiff not disabled (A.R. 753-61). In doing so, the ALJ rejected the contrary opinion of Plaintiff's treating psychologist and the contrary testimony of Plaintiff. Id.; see also A.R. 30 (reflecting the prior ALJ's credibility assessment, with which the current ALJ concurs).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

///
///

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**SUMMARY OF PLAINTIFF'S ARGUMENTS**

Plaintiff argues:

1. The ALJ allegedly erred by rejecting the opinion of the treating psychologist, assertedly without stating sufficient reasons therefor; and

2. The ALJ allegedly erred by finding Plaintiff's testimony not credible, assertedly without stating sufficient reasons therefor.

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and

are free from material[1] legal error.

## I. The ALJ Properly Rejected the Opinion of the Treating Psychologist.

Where, as here, a treating physician's opinion is contradicted, the ALJ may reject the opinion by setting forth "specific, legitimate reasons" for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). An ALJ may reject a treating physician's opinions when those opinions are internally inconsistent or unsupported by adequate clinical findings. See, e.g., Morgan v. Commissioner, 169 F.3d 595, 603 (9th Cir. 1999); Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992); Weetman v. Sullivan, 877 F.2d 20-23 (9th Cir. 1989); Burkhart v. Bowen, 856 F.2d 1335, 1339-40 (9th Cir. 1988); Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (contradiction between treating physician's assessment and clinical notes justifies rejection of assessment).

In the present case, the ALJ properly observed inconsistencies in the treating physician's opinions, test results, and statements. Scores on neuropsychological testing connoted only mild impairment (A.R. 289, 292-93, 850). Test results regarding Plaintiff's attention/concentration were essentially normal (A.R. 289). In a

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

4

1 deposition, the treating psychologist characterized Plaintiff's
2 traumatic brain injury post-concussive syndrome as "mild," termed
3 Plaintiff's symptoms of depression "at least mild," and appeared to
4 conclude that Plaintiff probably could perform substantial gainful
5 activity in a non-supervisory capacity (A.R. 356-59).

7       As the ALJ also properly observed, the treating psychologist's
8 opinion that Plaintiff was limited to working no more than four to six
9 hours each day "appears to be based on the claimant's subjective
10 allegations . . ." (A.R. 757).  Examination of the treating
11 psychologist's "Mental Disorder Questionnaire Form" suggests that the
12 psychologist relied unquestioningly on Plaintiff's subjective
13 complaints.  The psychologist stated "the patient attempted to return
14 to competitive employment in 1992-93 in telemarketing but was not able
15 to keep pace to sustain a 40 hour work week.  He has been able to
16 maintain some part time self-employment with limited income through
17 direct mail advertising – never more than 4-6 hours per day" (A.R.
18 305).  These statements, given in response to a request for the
19 psychologist's opinion regarding Plaintiff's "ability to adapt to
20 stresses common to the work environment" appear only to repeat
21 vocational stories that Plaintiff himself related to the psychologist.
22 Id.  An ALJ may reject a treating physician's opinion when the opinion
23 is premised on the claimant's properly discounted subjective
24 complaints.  See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989).  As
25 discussed below, the ALJ properly discounted Plaintiff's subjective
26 complaints.
27 ///
28 ///

**II.  The ALJ Properly Rejected the Credibility of Plaintiff's Testimony Concerning Allegedly Disabling Symptoms.**

An ALJ's assessment of credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Varney v. Secretary of Health and Human Serv., 846 F.2d 581, 584 (9th Cir. 1988) (citations omitted); see also Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996).[2]  Here, the ALJ stated sufficient reasons for rejecting Plaintiff's testimony.

The ALJ reasoned in part that the "conservative nature" of Plaintiff's treatment and the "lack of medications despite assertions of chronic pain" supported the rejection of Plaintiff's testimony regarding symptoms of allegedly disabling intensity (A.R. 756).  The record supports this reasoning.  Plaintiff takes only an occasional Tylenol for allegedly disabling chronic pain (A.R. 51, 699).  At the time of the previous hearing before the ALJ, Plaintiff had not even treated with his psychologist for a year and a half (A.R. 50). Evidence of minimal or conservative medical treatment properly may

---

[2] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the seemingly more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 * 2 n. 1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so any distinction between the two standards is academic.

discredit a claimant's allegations of disabling symptomatology. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989); Williams v. Bowen, 790 F.2d 713, 715 (8th Cir. 1986); see Erickson v. Apfel, 1998 WL 196471 * 3-4 (N.D. Cal. Apr. 3, 1998) (upholding ALJ's rejection of claimant's credibility where claimant "took only one Naprosyn and one Percodan daily").

In rejecting Plaintiff's credibility, the ALJ also properly relied on the record of Plaintiff's rather extensive activities. Despite allegations of daily, disabling chronic pain and disabling mental problems, Plaintiff reportedly lives by himself, cooks, cleans, shops, does laundry, visits family and friends, drives a car, takes walks, reads, goes out for drinks, and goes to the movies (A.R. 162-71). The ALJ properly considered such evidence of actual functioning in rejecting Plaintiff's credibility. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (daily activities can constitute "clear and convincing reasons" for discounting a claimant's testimony); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999) (household chores inconsistent with allegations of severe impairment); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony); Orteza v. Shalala,

50 F.3d 748, 750 (9th Cir. 1995) ("[a]n ALJ is clearly allowed to consider the ability to perform household chores"); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989) (daily activities relevant to excess symptom evaluation).

**CONCLUSION**

Plaintiff's legal arguments lack merit. There are factual conflicts and ambiguities in the voluminous record, but the ALJ properly resolved those conflicts and ambiguities. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). Where, as here, the evidence "is susceptible of more than one rational interpretation," the Court must uphold the administrative decision. Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 25, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE